IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-416-2-FL
NO. 5:21-CV-25

| | |
|---|---|
| QUINDARIUS DANTE RAINEY ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 175, 187) and respondent's motion to dismiss (DE 194). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered an order and memorandum and recommendation ("M&R") (DE 203), denying petitioner's request for evidentiary hearing and recommending that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's motion, and grants respondent's motion.

## BACKGROUND

A second superseding indictment filed October 18, 2018, charged petitioner with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner pleaded not guilty and proceeded to trial. A jury deadlocked and mistrial was declared August 16, 2019. Petitioner's trial counsel was allowed to withdraw from representation and attorney Mary Jude Darrow entered notice of appearance. A second trial was scheduled for

November 12, 2019. Petitioner, through counsel, moved to change his plea to guilty just before opening statements were to begin in this second trial, after the selection and empanelment of a jury. The court conducted a change of plea hearing under Fed. R. Crim. Proc. 11 and accepted petitioner's guilty plea.

The United States Probation Office prepared a presentence investigation report April 29, 2019, calculating petitioner's advisory guideline range to be 135 to 168 months. The court sentenced petitioner to a term of 84 months imprisonment March 10, 2020. Petitioner did not appeal.

Petitioner filed the instant motion to vacate on January 11, 2021, amended February 23, 2021, claiming that ineffective assistance of counsel at trial resulted in an involuntary guilty plea. On February 16, 2021, this case was reassigned to the undersigned from the docket of the district judge who conducted trial and sentencing.

The government argues in its motion to dismiss filed May 7, 2021 that petitioner's ineffective assistance of counsel claim fails as a matter of law. In M&R entered June 22, 2022, the magistrate judge recommends dismissal of the petition on the basis that petitioner fails to state a claim upon which relief can be granted. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error,"

2

and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition, correctly determining that petitioner fails to state a claim of ineffective assistance of counsel, in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678-88 (1984). Upon de novo review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner argues that the magistrate judge erred in finding that petitioner did not identify any extraordinary circumstances that would call into question the truth of his statements made

under oath. He argues that his counsel's failure to correctly advise him regarding his guilt or innocence and prediction that he would not be subject to sentencing enhancements constitute extraordinary circumstances.

Petitioner's arguments are unavailing. Extraordinary circumstances sufficient to undermine a guilty plea require much more serious defects in the Rule 11 colloquy, such as failure to advise defendant that pleading guilty would result in "automatic removal from the United States," United States v. Murillo, 927 F.3d 808, 816 (4th Cir. 2019), or failure "to advise[] defendant of the mens rea element of the offense," United States v. Heward, 42 F.4th 460 (4th Cir. 2022).

Here, petitioner confirmed at his Rule 11 hearing that he had had time to talk about his case with his lawyer in full; that he understood the maximum prison terms for the offense charged; and that he, having been convicted previously of a crime punishable by imprisonment for a term of one year, knowingly possessed a firearm and ammunition affecting interstate commerce. (DE 13 at 3, 9-10). On review of the record and petitioner's arguments, there are no extraordinary circumstances that would override the "strong presumption of verity" given to a defendant's statements at a properly conducted Rule 11 hearing. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

4

are adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 203).  Petitioner's motion to vacate, set aside, or correct sentence (DE 175; 187) is DENIED, and respondent's motion to dismiss (DE 194) is GRANTED.  This action is DISMISSED for failure to state a claim upon which relief can be granted.  A certificate of appealability is DENIED.  The clerk is DIRECTED is close this case.

SO ORDERED, this the 22nd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge